IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| QUENTIN L. SASSER,<br><br>                    Plaintiff,<br>v.<br><br>SALT LAKE CITY CORPORATION, a Utah Municipal corporation, DAVID TERRY, in his individual capacity, and LYNN LANDGREN, in his individual and official capacity,<br><br>                    Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Case No. 2:15-CV-606-DN<br><br>District Judge David Nuffer |

Plaintiff Quentin L. Sasser ("Mr. Sasser") makes employment-related claims under 42 U.S.C. § 1981 and 42 U.S.C. § 1983 against Defendants Salt Lake City (the "City"), David Terry ("Mr. Terry"), and Lynn Landgren ("Mr. Landgren") (collectively "Defendants").[1] This is his third cause of action. Defendants filed a Motion to Dismiss Plaintiff's Third Cause of Action ("Motion to Dismiss") based on the statute of limitations.[2] Mr. Sasser opposes[3] the Motion to Dismiss, arguing that his third cause of action was timely because he did not have knowledge of the "cause of the discrimination" until 2017, or in the alternative, because the discrimination is ongoing.[4]

---

[1] Amended Complaint ¶¶ 56–61, docket no. 27, filed Apr. 12, 2017.

[2] Docket no. 28, filed Apr. 26, 2017.

[3] Opposition to Defendants' Motion to Dismiss Plaintiff's Third Cause of Action ("Opposition"), docket no. 32, filed June 2, 2017.

[4] *Id.* at 5.

Because the statute of limitations began running at the time each discriminatory act occurred, the incidents Mr. Sasser alleges in his § 1981 and § 1983 claims, which form the basis of his third cause of action, are time barred and the Motion to Dismiss is GRANTED.

**Table of Contents**
BACKGROUND ................................................................................................................ 2
DISCUSSION ................................................................................................................... 5
    Motion to Dismiss Standard ........................................................................................ 5
    Statute of Limitations .................................................................................................. 6
        *Mr. Sasser's § 1981 and §1983 claims based on failures to promote in 2000, 2008, 2010, and 2011 are untimely.* ........................................................... 7
        *Plaintiff's continuing violation and fraudulent concealment theories fail as a matter of law.* .................................................................................................. 9
    Request to Amend ..................................................................................................... 11
ORDER ........................................................................................................................... 12

## BACKGROUND

This background section is drawn from Mr. Sasser's well-pleaded allegations.

Mr. Sasser, an African-American male, was born on December 12, 1958 and is currently 58 years old.[5] In March of 1993, the City hired Mr. Sasser as a seasonal employee at Wingpointe Golf Course, where Mr. Sasser worked until September 2000.[6] In this position, Mr. Sasser's responsibilities included managing tee times, tournament play, cart assignments, pin sheets and hole assignments, and providing customer service at all levels.[7]

During his time at Wingpointe, his supervisor, Mr. Landgren, maintained an employee file on Mr. Sasser, which Mr. Sasser did not know.[8] In this file, Landgren kept notes of Mr.

---

[5] Amended Complaint ¶ 12, docket no. 27, filed Apr. 12, 2017.

[6] *Id.* ¶ 14.

[7] *Id.* ¶ 15.

[8] *Id.* ¶ 17.

Sasser's performance and missteps.[9] Landgren did not keep a file on any other employee at Wingpointe.[10] Mr. Landgren used this file as a basis for not promoting Mr. Sasser.[11]

In 2000, Mr. Sasser alleges he was not promoted multiple times to full-time merit positions, because of his race, color, and age.[12] This prompted a fellow employee to suggest that Mr. Sasser file a grievance with the City to address the discrimination.[13] However, Mr. Sasser did not file a grievance and instead left his position at Wingpointe Golf Course.[14]

From September 2000 to May 2002, Mr. Sasser worked in a management position at Coral Canyon Golf Course in southern Utah, developing his customer service and management skills.[15] Mr. Sasser then returned to Salt Lake to work at Fore Lakes Golf Course as a Teaching Professional and groundskeeper until 2006.[16] In these positions, he taught golf and assisted the course maintenance crew.[17]

In 2006, the City rehired Mr. Sasser to a seasonal position at the Wingpointe Golf Course as a Teaching Professional and groundskeeper, and also made him Lead Instructor for the City's Junior Golf clinics and camps.[18] Later in 2006, Mr. Sasser was elected as a Class A member of the PGA, making him the only African-American PGA-certified professional in the state of Utah.[19]

---

[9] *Id.* ¶ 19.
[10] *Id.* ¶ 21.
[11] *Id.* ¶ 23.
[12] *Id.* ¶ 16.
[13] *Id.*
[14] *Id.*
[15] *Id.* ¶ 25.
[16] *Id.* ¶ 26.
[17] *Id.*
[18] *Id.* ¶ 28.
[19] *Id.* ¶¶ 29–30.

In 2008, the City and Mr. Terry refused to interview Mr. Sasser for a First Assistant position, even though he was allegedly more qualified than the candidates who were interviewed.[20] The City did not interview any minority applicants for the position, and all persons who were interviewed were younger than Mr. Sasser.[21]

Similarly, in July 2010, the City had an opening for a Head Professional position, which required applicants to have a Class A PGA membership. Mr. Sasser was one of only five applicants who met this qualification, yet the City and Mr. Terry interviewed all the applicants except Mr. Sasser.[22] Further, the City interviewed several applicants who did not meet the PGA membership requirement at the time, and did not interview anyone younger than Mr. Sasser or any minority applicants.[23]

Finally, in spring 2011, the City advertised a First Assistant position at Mountain Dell Golf Course.[24] Due to a problem with the City's personnel software, several applicants' resumes, including Mr. Sasser's could not be submitted online. Mr. Terry reached out to two of these applicants, both Caucasian and younger than Mr. Sasser, and encouraged them to deliver their resumes in person to the City's human resources department.[25] The City did not interview Mr. Sasser for this position and instead promoted Mr. Miller, a younger and less-experienced applicant, to the position.[26]

---

[20] *Id.* ¶ 38.

[21] *Id.*

[22] *Id.* ¶ 39.

[23] *Id.*

[24] *Id.* ¶ 40.

[25] *Id.* ¶ 41

[26] *Id.* ¶¶ 43–44.

About a year after this adverse decision, on January 13, 2012, Mr. Sasser filed a charge of discrimination against the Defendants with the Equal Employment Opportunity Commission ("EEOC").[27] The EEOC issued a Notice of Right to Sue on March 2, 2015. Mr. Sasser then filed this lawsuit in the Utah Third Judicial District Court on May 28, 2015.[28] The action was then removed to this Court on August 25, 2015.[29]

## DISCUSSION

### Motion to Dismiss Standard

Defendants move, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Mr. Sasser's third cause of action. Defendants are entitled to dismissal under Rule 12(b)(6) when the complaint, standing alone, is legally insufficient to state a claim for which relief may be granted.[30] When considering a motion to dismiss for failure to state a claim, the thrust of all well-pleaded facts in the complaint is presumed, but conclusory allegations need not be considered.[31] Nor are the complaint's legal conclusions and opinions accepted, even if they are couched as facts.[32]

Generally, where materials outside of the pleadings are presented, a court must either convert a Rule 12 motion to a Rule 56 motion for summary judgment, or exclude matters presented outside the pleadings.[33] However, "a defendant may submit an indisputably authentic

---

[27] *Id.* ¶ 10.

[28] Notice of Removal, Complaint, docket no. 2-1, filed Aug. 25, 2015.

[29] Notice of Removal, docket no. 2, filed Aug. 25, 2015.

[30] *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

[31] *See Cory v. Allstate Ins.*, 583 F.3d 1240, 1244 (10th Cir. 2009).

[32] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). *See also Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995).

[33] *Gff Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997); *see also Alvarado v. KOB-TV, LLC*, 493 F.3d 1210 (10th Cir. 2007); *Nichols v. United States*, 796 F.2d 361, 364 (10th Cir. 1986).

copy to the court to be considered" if it is incorporated by reference in the complaint, if the court may take judicial notice of it, or if it is referenced in the complaint and central to the claims.[34] Conversion to summary judgment affords the plaintiff an opportunity to respond in kind with outside material, but when a complaint refers to a document and the document is central to the plaintiff's claim, the plaintiff is on notice of the document's contents, and conversion is unnecessary.[35] While "the court has discretion to consider such materials," it is not required to consider them.[36]

## Statute of Limitations

The statute of limitations period for § 1981 and § 1983 claims is "dictated by the personal injury statute of limitations in the state in which the claim arose[.]"[37] In Utah, "a four-year statute of limitations under Utah Code Ann. [§ 78B-2-307] governs § 1983 actions."[38]

However, federal law still determines when a cause of action accrues, causing the limitation period to start.[39] For Title VII claims, the United States Supreme Court has determined that plaintiffs may "only file a charge to cover discrete acts that occurred within the appropriate time period."[40] "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire . . . each . . . constitute[] a separate actionable unlawful employment practice."[41] Further, "a continuing violation theory of discrimination is not permitted for claims against

---

[34] *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir. 1999); *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013); *Utah Gospel Mission v. Salt Lake City Corp.*, 316 F. Supp. 2d 1201, 1206, n.5 (D. Utah 2004).

[35] *GFF Corp.*, 130 F.3d at 1385.

[36] *Prager*, 180 F.3d at 1189.

[37] *McCarty v. Gilchrist,* 646 F.3d 1281, 1286 (10th Cir. 2011) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)).

[38] *Sheets v. Salt Lake County*, 45 F.3d 1383, 1387 (10th Cir. 1995) (formerly cited as § 78-12-25); *see also* Utah Code Ann. § 78B-2-307(3).

[39] *Id.*

[40] *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002) (internal quotation marks omitted).

[41] *Id*. (internal quotation marks omitted).

discrete acts of discrimination."[42] Instead, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act."[43] Thus, the limitations period begins to run on "the date the employee is notified of an adverse employment decision by the employer."[44]

### *Mr. Sasser's § 1981 and §1983 claims based on failures to promote in 2000, 2008, 2010, and 2011 are untimely.*

Mr. Sasser has alleged violations of § 1981 and § 1983 from failures to promote on four separate occasions: (a) in 2000;[45] (b) in 2008;[46] (c) in July 2010;[47] and (d) spring 2011.[48] The first complaint in this case was filed on May 28, 2015.[49] Therefore, applying the appropriate four-year statute of limitations[50] to these discrete acts, it is clear that three of the four failures to promote are untimely. The statute of limitations required the 2000 claim for failure to promote to be filed by 2004; the 2008 claim to be filed by 2012; and the July 2010 claim to be filed by July 2014. Because the complaint was filed in May of 2015, Mr. Sasser's claim for violation of § 1981 and § 1983 with regards to the failures to promote in 2004, 2008, and July 2010 are untimely. This leaves the failure to promote in spring 2011.

In their Motion to Dismiss, Defendants argue that Mr. Sasser's claim for violation of § 1981 and § 1983 with regards to the spring 2011 failure to promote is also untimely.[51] In support of this argument, Defendants attached a document to their Motion to Dismiss which

---

[42] *Davidson v. America Online, Inc.*, 337 F.3d 1179, 1184 (10th Cir. 2003) (citing *Morgan*, 536 U.S. at 114).

[43] *Morgan*, 536 U.S. at 113.

[44] *Davidson*, 337 F.3d at 1187.

[45] Amended Complaint ¶ 16.

[46] *Id.* ¶ 38.

[47] *Id.* ¶ 39.

[48] *Id.* ¶ 40.

[49] *See supra* note 27.

[50] *Sheets*, 45 F.3d at 1387.

[51] Motion to Dismiss at 10–11.

purports to show that Mr. Sasser was notified in February 2011 that he would not be promoted.[52] This places the spring 2011 failure to promote outside of the four-year limitations period. The adverse letter started the clock on Mr. Sasser's four-year statute of limitations. Thus, any claims filed after February 15, 2015, four years from the date of the adverse decision, are untimely.

In his Opposition, Mr. Sasser argues that the statute of limitations did not begin to run until he "had knowledge of the cause of the discrimination."[53] Specifically, he contends that he did not learn of the cause of the discriminatory failure to promote in spring 2011 until he deposed Mr. Terry and Mr. Landgren in early 2017.[54] In support of this argument, Mr. Sasser relies on a Tenth Circuit case which states that for a federal cause of action, "[t]he statute of limitations begins to run when the plaintiff knows or has reason to know of the *existence and cause* of the injury, which is the basis of his action."[55]

But more recent case law, discussed above, states that in a Title VII case, the limitations period begins to run on "the date the employee is notified of an adverse employment decision by the employer."[56] Indeed, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act."[57] Thus, the statute of limitations began to run on Mr. Sasser's § 1981 and

---

[52] *See* Motion to Dismiss, attached document, docket no. 28-1, filed April 26, 2017. Defendants argue that Mr. Sasser was notified of the adverse employment decision in a letter on February 15, 2011. The attached document shows that Mr. Sasser was sent a letter on February 15, 2011. Mr. Sasser does not object to this document in his Opposition. Similarly, he has not requested the Motion to Dismiss be converted into a motion for summary judgment to allow further briefing, and he has not argued that he did not rely on the facts presented in this document in his Amended Complaint. Considering the attached document at this stage will not convert the motion into one for summary judgment.

[53] Opposition at 5.

[54] *Id.* at 6.

[55] *Indus. Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994).

[56] *Davidson*, 337 F.3d at 1187.

[57] *Morgan*, 536 U.S. at 113.

§ 1983 claims when he was notified of the failure to promote, not when he learned of the *discriminatory cause* of the failures to promote.

In summary, Mr. Sasser has not pleaded timely § 1981 and § 1983 claims with regards to the 2004, 2008, July 2010, and spring 2011 failures to promote.

***Plaintiff's continuing violation and fraudulent concealment theories fail as a matter of law.***

In an attempt to salvage his § 1981 and § 1983 claims, Mr. Sasser also argues that the statute of limitations should be tolled because the "discriminatory treatment of him is ongoing."[58] Mr. Sasser also contends that under Utah law, the statute of limitations should be tolled because Defendants fraudulently concealed material facts relating to his claims.[59]

**Continuing Violation.** The continuing violation doctrine "is premised on the equitable notion that the statute of limitations should not begin to run until a reasonable person would be aware that his or her rights have been violated."[60] As discussed above, *Morgan* held that a continuing violation theory of discrimination is not permitted for claims against discrete acts of discrimination, such as a failure to promote, and that "discrete discriminatory acts are not actionable if time-barred, even when they are related to acts alleged in timely filed charges."[61] Therefore, because Mr. Sasser has not alleged any facts in his Amended Complaint beyond the four failures to promote, the continuing violation doctrine does not apply.

**Tolling.** Federal courts "have generally referred to state law for tolling rules, just as [they] have for the length of statutes of limitations," when dealing with § 1981 and § 1983

---

[58] *Id.*

[59] *Id.*

[60] *Davidson*, 337 F.3d at 1179 (quoting *Bullington v. United Air Lines Inc.*, 186 F.3d 1301, 1311 (10th Cir. 1999)).

[61] *Morgan*, 536 U.S. at 113–14.

claims.[62] In Utah, the discovery rule to toll the statute of limitations for fraudulent concealment applies if "a plaintiff does not become aware of the cause of action because of the defendant's concealment or misleading conduct."[63] To establish this, plaintiff must show, "that the plaintiff neither knew nor reasonably should have known of the facts underlying [the] cause of action before the fixed limitations period expired[.]"[64] Drawing upon federal law to determine what would cause the statute of limitations to begin to run, it is clear that the limitations period begins to run on "the date the employee is notified of an adverse employment decision by the employer."[65]

Mr. Sasser contends that in his deposition in early 2017, Mr. Landgren finally disclosed the existence of a "secret file contain[ing] notes regarding alleged missteps and performance deficiencies by Mr. Sasser." [66] Mr. Sasser claims that because he did not know of this file, he did not know the facts underlying his cause of action. This argument is founded on the mistaken premise that the plaintiff must know of the *cause* of the discrete act before the statute of limitations begins to run. However, the United States Supreme Court has made clear that the discrete act itself, like a failure to promote, is what "starts a new clock for filing charges alleging that act."[67]

As discussed above, it is clear that Mr. Sasser was informed of each failure to promote more than four-years before he filed his original complaint.[68] Therefore, because Mr. Sasser

---

[62] *Wallace,* 549 U.S. at 395.

[63] *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2007 UT 25, ¶ 38, 156 P.3d 806 (2007).

[64] *Id.*

[65] *Davidson*, 337 F.3d at 1187.

[66] Opposition at 9; *see also* Amended Complaint ¶¶ 17–19.

[67] *Morgan*, 536 U.S. at 113.

[68] *See supra* pp. 6–8.

knew "of the facts underlying [his] cause of action" more than four-years before he filed this lawsuit, the doctrine of fraudulent concealment does not apply. Mr. Sasser has not pleaded timely § 1981 and § 1983 claims in his third cause of action, and Defendants' Motion to Dismiss is GRANTED.

**Request to Amend**

In his Opposition, Mr. Sasser requests an opportunity to amend his Amended Complaint to plead facts demonstrating discrimination "within four years of the May 2015 filing date," if his claims are untimely.[69]

"The court should freely give leave when justice so requires."[70] However, leave to amend is generally only given in the absence of "undue prejudice to the opposing party," and when amendment would be futile."[71] Prejudice can be found "when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment."[72]

Mr. Sasser is not seeking leave to amend his complaint, but rather is seeking leave to completely rewrite his complaint. Mr. Sasser has not alleged any facts in his Amended Complaint beyond those related to the four failures to promote. He is seeking to allege facts and claims that have not been raised before. New allegations and claims would unfairly prejudice the Defendants, who have been conducting discovery and preparing defenses related to the failures to promote in 2004, 2008, 2010, and 2011. Defendants would be required to conduct new discovery and prepare defenses to all new claims of discrimination which have not been raised.

---

[69] Opposition at 9.

[70] Fed. R. Civ. P. 15(a)(2).

[71] *Foman v. Davis*, 271 U.S. 178, 182 (1962).

[72] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (quotation marks omitted).

Mr. Sasser had the opportunity to allege claims of discrimination based on events and facts beyond the failures to promote, up until he filed the complaint in May 2015, but chose not to. Leave to amend would be futile because Mr. Sasser cannot provide new facts regarding the four failures to promote, his original claims, to make them timely. Therefore, Mr. Sasser does not have leave to amend his Amended Complaint.

## ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss[73] is GRANTED, and Mr. Sasser's § 1981 and § 1983 claims in his third cause of action in the Amended Complaint[74] are DISMISSED with prejudice. IT IS ALSO ORDERED that Defendants David Terry and Lynn Landgren, who are named only in those claims, are no longer parties to this action.

Signed December 1, 2017.

BY THE COURT

David Nuffer
United States District Judge

---

[73] Docket no. 28.

[74] Docket no. 27, ¶¶ 56–61.